OPINION
{¶ 1} Defendant-appellant Dee Carter appeals from his conviction and sentence for Rape, following a jury trial. Carter's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, in which counsel has reviewed the proceedings, and has concluded that there are no assignments of error having arguable merit.
 {¶ 2} Carter has filed a brief in his own behalf. In his brief, Carter contends that his trial counsel failed to object to a deficient indictment, and failed to object to the fact that Carter did not receive a preliminary hearing. Carter also contends that the prosecutor at his trial committed prejudicial misconduct by not bringing to the attention of the trial court the fact that Carter had not received a preliminary hearing. Finally, Carter contends that the trial court was without jurisdiction, because there was no preliminary hearing.
 {¶ 3} The State points out that pursuant to Crim.R. 5(B)(1): "The preliminary hearing shall not be held, however, if the defendant is indicted." It is clear that the fact that a defendant has not received a timely preliminary hearing does not affect the validity of a conviction resulting from a valid indictment. State v. Downs (July 25, 1997), Miami App. No. 96-CA-54. See, also, Stebelton v. Haskins (1964), 177 Ohio St. 52.
 {¶ 4} We have performed our duty, pursuant to Anders v.California, supra, to review the record independently, and we find no apparent error on the face of the indictment. Carter's indictment for Rape superseded the pendency of the preliminary hearing, and vitiated any irregularities in the preliminary hearing process.
 {¶ 5} All of the assignments of error posed in Carter's own, pro se brief derive from the fact that he never received a preliminary hearing. Because it is clear that the superseding indictment cured any defect in the preliminary hearing procedure, we conclude that none of Carter's proposed assignments of error have any arguable merit. We agree with Carter's appellate counsel that the sentence imposed, a sentence of five years, within the statutory range of three to ten years, was within the trial court's discretion. The trial court explained its reasons for the sentence on the record, and there does not appear to be any substantial argument that could be made that the trial court failed to meet its obligations with respect to sentencing.
 {¶ 6} Finally, we have reviewed the entire record, including the transcript of the trial, and we have found no potential assignments of error having arguable merit. Because we conclude, after an independent review of the record, that Carter's appeal is wholly frivolous, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.